**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bacari MCCARTHREN, Defendant-
Appellant.**

**No. 13-13523
Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

(December 20, 2017)

Peter Decklin Leary, U.S. Attorney's Office, Macon, GA, Michael J. Moore, U.S. Attorney, Pope McGlamry Kilpatrick Mor-

rison & Norwood, PC, Atlanta, GA, for Plaintiff-Appellee

W. Matthew Dodge, Federal Defender Program, Inc., Atlanta, GA, for Defendant-Appellant

Before MARTIN, ROSENBAUM, and JILL PRYOR Circuit Judges.

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

PER CURIAM:

Bacari McCarthren's petition for rehearing is **GRANTED**. We substitute the following opinion for our original opinion.

Bacari McCarthren pled guilty in 2013 to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). The district court sentenced him to the statutory maximum penalty for that offense, 20 years of imprisonment, after applying the career-offender enhancement under the United States Sentencing Guidelines. *See* U.S.S.G. § 4B1.1. We affirmed McCarthren's convictions and sentence on direct appeal after his counsel filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See United States v. McCarthren*, 575 Fed.Appx. 873 (11th Cir. 2014).

McCarthren then petitioned for a writ of certiorari from the Supreme Court. While his petition was pending, the Supreme Court decided *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). After *Johnson*, the Solicitor General of the United States filed a memorandum with the Supreme Court stating the government's view that "the appropri-

---

ate disposition is to grant certiorari, vacate the judgment of the court of appeals, and remand the case for further consideration in light of *Johnson*." The Supreme Court followed the Solicitor General's concession, granted the petition, vacated our judgment, and remanded. *McCarthren v. United States*, —— U.S. ——, 136 S.Ct. 332, 193 L.Ed.2d 223 (2015) (mem.).

On remand, the government filed a motion to dismiss arguing that McCarthren's appeal is barred by the sentence-appeal waiver in his plea agreement. The government, however, waived its right to assert the sentence-appeal waiver by filing a memorandum with the Supreme Court recommending that the Court GVR the case. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006) (holding that appeal waivers are governed by contract law and can be waived); *Cf. Burgess v. United States*, 874 F.3d 1292, 1299–1300 (11th Cir. 2017) (characterizing a collateral-action waiver as an affirmative defense).

We therefore reach the merits of McCarthren's appeal. He contends that the district court improperly applied the career-offender enhancement based in part on a prior Florida conviction for aggravated assault, *see* Fla. Stat. § 784.021. In *Turner v. Warden Coleman FCI (Medium)*, this Court held that Florida aggravated assault qualifies as a "crime of violence" for purposes of the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2). 709 F.3d 1328, 1337–38 (11th Cir. 2013). McCarthren says that our decision in *Turner* has been abrogated by the Supreme Court's decision in *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), and that, under *Mathis*, Florida aggravated assault is not a "crime of violence" for purposes of the career-offender enhancement. *See* U.S.S.G. § 4B1.2. Although "some members of our court have questioned the con-

tinuing validity of *Turner*," we remain bound to follow it. *United States v. Golden*, 854 F.3d 1256, 1257 (11th Cir. 2017) (per curiam); *see id.* (Jill Pryor, J., concurring in result) (explaining "why *Turner*'s holding was in tension with prior binding precedent and why, in light of intervening Supreme Court decisions, *Turner* should be overruled"). Because we are bound to follow *Turner*, McCarthren's sentence is

**AFFIRMED.**